Michael H. Cohen, Esq.
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
TEL: (973) 622-3333
FAX: (973 622-3349
E-MAIL: mcohen@saiber.com
*Attorneys for Defendant*
*Chartis Specialty Insurance Company*
*(f/k/a American International Specialty*
*Lines Insurance Company )*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIG-ALBERICI, L.L.C., <br><br>    Plaintiff, <br><br>v. <br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY; AMERICAN INTERNATIONAL GROUP, now known as CHARTIS; FORD MOTOR COMPANY; and EDISON LAND MANAGEMENT, LLC, <br><br>    Defendants. | Civil Case No.: <br><br><br>**NOTICE OF REMOVAL** <br><br><br>***ELECTRONICALLY FILED*** |

TO:   THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey

**SIR OR MADAM:**

Defendant CHARTIS SPECIALTY INSURANCE COMPANY, f/k/a American International Specialty Lines Insurance Company, ("CSIC"), improperly pleaded as "American International Specialty Lines Insurance Company and American International Group, now known as Chartis," hereby files this Notice of Removal of the above-captioned action to the

United States District Court for the District of New Jersey from the New Jersey Superior Court, Law Division, Middlesex County, where the action is now pending, as provided by 28 U.S.C. §§ 1332, 1441 and 1446.

## NATURE OF THE ACTION

1.  Plaintiff MIG-Alberici, L.L.C. ("MIG") commenced this action on May 12, 2010, by filing a Complaint for Declaratory Judgment in the New Jersey Superior Court, Law Division, Middlesex County, captioned <u>MIG-Alberici, L.L.C. v. American International Specialty Lines Insurance Company, et al.</u>, and bearing Docket No. MID-L-3551-10 (the "State Court DJ action"). A copy of the Summons and Complaint filed in the State Court DJ action is attached as ***Exhibit A.***

2.  In the State Court DJ action, MIG alleges that CSIC or "American International Group, now known as Chartis" issued a policy of insurance to MIG that provides insurance to MIG in connection with certain environmental claims. The policy was issued by CSIC.

3.  In the State Court DJ action, MIG alleges that the New Jersey Department of Environmental Protection issued two Administrative Orders on March 8, 2006 and March 24, 2006, demanding that MIG and others remediate certain sites in connection with concrete that was allegedly contaminated and transported from the Ford Edison Plant. <u>See</u> Complaint at ¶ 15, ***Exhibit A***.

4.  MIG further alleges that, in connection with the alleged contamination at the Ford Edison Plant, it has been named as a third-party defendant in two lawsuits, <u>Ford Motor Co. v. Edgewood Properties, Inc., et al.</u>, Civil Action No. 06-178, U.S. District Court for the District of New Jersey, and <u>Preferred Real Estate Investments, Inc. v. Edgewood Properties, Inc., et al.</u>, Civil Action No. 06-4266, U.S. District Court for the District of New Jersey, (which have been consolidated and are hereinafter referred to as "Ford Edison Litigation").

5. MIG seeks a declaration that CSIC or "American International Group, now known as Chartis" is "obligated to pay the Losses incurred by [MIG] in connection with the [Administrative Orders] and the Ford Edison Litigation" together with reasonable attorneys' fees, costs, and disbursements including interest. See Complaint at ¶ 36, *Exhibit A*.

### THE COURT'S REMOVAL JURISDICTION

**A.  The Instant Removal Application is Timely.**

6. Pursuant to 28 U.S.C. § 1446(a), the Summons and Complaint attached as *Exhibit A*, represent all process, pleadings, and orders served upon the CSIC in the State Court DJ action to date.

7. The Summons and Complaint were served upon the Commissioner of the New Jersey Department of Banking and Insurance ("Commissioner") on or about June 7, 2010. A copy of the Commissioner's letter to CSIC dated June 7, 2010, is attached as *Exhibit B.*

8. The Summons and Complaint were received by CSIC on or about June 14, 2010. A copy of the Certified Mail receipt dated June 14, 2010, is attached as *Exhibit C.*

9. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...." See 28 U.S.C. § 1446(b). Where a summons and complaint are served on a defendant's statutory agent, such as the Commissioner of Banking and Insurance, "the thirty-day period for removal does not commence with service on a statutory agent, but instead when the defendant receives the summons and complaint." Tucci v. Hartford Financial Services Group, Inc., 600 F. Supp.2d 630, 632-33 (D.N.J. 2009). See also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S.Ct. 1322, 1325 (1999) (the thirty-day period for removal does not begin to run (at the earliest) until a party has received a copy of the Complaint and been properly served by formal process).

10. Accordingly, CSIC has timely filed this Notice of Removal within thirty (30) days of the date the CSIS received MIG's Complaint as required by 28 U.S.C. § 1446(b).

**B.     Diversity of the Parties Exists.**

11. MIG is incorporated under the laws of the state of Michigan and has its principal place of business in Detroit, Michigan. See Complaint at ¶ 2, *Exhibit A*.

12. Defendant CSIC is incorporated under the laws of the state of Illinois and has its principal place of business in New York, New York. See Complaint at ¶ 3, *Exhibit A*. "American International Group, now known as Chartis" is not a legal entity. However, for the Court's information, American International Group, Inc. is incorporated under the laws of the state of Delaware and has its principal place of business in New York, New York.

13. Defendants Ford Motor Company ("Ford") and Edison Land Management, LLC ("Edison Land") "are named in this Declaratory Judgment Action pursuant to N.J.S.A. 2A:16-56 [of the Uniform Declaratory Judgment Act] because, as insureds under the policy in question, they have an interest in the outcome of the Declaratory Judgment Action." See Complaint at ¶ 9, *Exhibit A*. MIG does not seek affirmative relief from Ford and Edison Land, and as "nominal or formal parties," the citizenship of Ford and Edison Land is irrelevant to and does not divest the Court of diversity jurisdiction. See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). Therefore, Ford and Edison are not "real parties to the controversy." Id.

**C.     All Remaining Requirements for Removal are Satisfied.**

14. Ford and Edison Land, as nominal parties, are not required to join in the notice of removal or otherwise consent to removal. See U.S. Olympic Committee v. Ruckman, 2010 WL 2179527, at *4 (D.N.J. 2010) (slip copy) ("'[I]t is well established that removal generally

requires unanimity among the defendants' [but] … 'the unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party'") (quoting Doughtery, Clifford & Wadsworth, Corp. v. Magna Group, Inc., 2007 WL 2579406, at *2 (D.N.J. 2007)); Granovsky v. Pfizer, Inc., 631 F. Supp.2d 554, 559 (D.N.J. 2009) ("The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party").

15. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See Complaint at ¶ 24, *Exhibit A*.

16. Concurrent with the filing of this Notice of Removal CSIC served a Notice of Filing of this Notice of Removal upon the Clerk of the New Jersey Superior Court, Law Division, Middlesex County pursuant to 28 U.S.C. § 1446(d), where MIG commenced this action. A copy of the Notice of Filing of Notice of Removal is attached as *Exhibit D.*

17. Concurrent with the filing of this Notice of Removal, CSIC served MIG's counsel, Martha N. Donovan, Esq., Norris, McLaughlin & Marcus, with the Notice of Removal and Notice of Filing of Notice of Removal as indicated in the Notice to Adverse Party of Notice of Removal filed herewith. A copy of the Notice to Adverse Party of Notice of Removal is attached as *Exhibit E.*

18. This Notice of Removal is being filed in the United States District Court in which the State Court DJ action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

19. The State Court DJ action is a civil action of which the District Courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

20. By filing this Notice of Removal, CSIC does not waive any defenses available to it at law, in equity or otherwise.

        **SAIBER LLC**
        18 Columbia Turnpike, Suite 200
        Florham Park, New Jersey 07932-2266
        TEL.: (973) 622-3333
        FAX: (973) 622-3349
        E-MAIL: mcohen@saiber.com
        *Attorneys for the Defendant Chartis Specialty Insurance Company*


        By: *s/ Michael H. Cohen*
            **MICHAEL H. COHEN**

Dated: July 12, 2010

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

On behalf of the CHARTIS SPECIALTY INSURANCE COMPANY (f/k/a American International Specialty Lines Insurance Company), I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court in this jurisdiction, or of any pending arbitration or administrative proceeding.

        **SAIBER LLC**
        18 Columbia Turnpike, Suite 200
        Florham Park, New Jersey 07932-2266
        TEL.: (973) 622-3333
        FAX: (973) 622-3349
        E-MAIL: mcohen@saiber.com
        *Attorneys for the Defendant Chartis Specialty Insurance Company*

        By: *s/ Michael H. Cohen*
            **MICHAEL H. COHEN**

Dated: July 12, 2010